THE BOWLUS-METZGER CO. *v.* BOARD OF COUNTY
COMMRS. OF PIKE CO.

*Appeal—County commissioners to common pleas court—Section
2461, General Code—Affirmative defenses available without
plea thereof.*

Where an appeal is taken from the county commissioners to the
Court of Common Pleas under the provisions of Section
2461, General Code, all the affirmative defenses, including
that of the statute of limitations, are available without plea
thereof.

(Decided December 9, 1924.)

ERROR: Court of Appeals for Pike county.

*Mr. C. M. Caldwell,* for plaintiff in error.
*Mr. George Nye,* prosecuting attorney, for defendant in error.

MAUCK, J. On January 11, 1922, the Bowlus-Metzger Company filed with the board of commissioners of Pike county a bill for supplies claimed to have been furnished the county from June 20, 1915, to September 4, 1916. The commissioners rejected the claim and an appeal was taken to the Court of Common Pleas. That court, without the intervention of a jury, heard the testimony and found against the claim, and rendered judgment for the commissioners. From that judgment error is prosecuted to this court.

The Common Pleas held that so much of the claim as arose in May and June, 1915, was barred by the six-year statute of limitations, and refused

Counties, 15 C. J. § 369.

to hear testimony thereon. It is now claimed that this was erroneous, inasmuch as the statute of limitations was not specially pleaded, and, if pleaded, that a cause of action did not accrue until the claim had been rejected. It is not disputed, however, that more than six years had intervened between the claimed delivery of the goods and the filing of the account for payment therefor.

When did the cause of action accrue? The items of the account in 1915 were for lumber sold and delivered. Payment became due on delivery. Section 8422, General Code. The right to payment, therefore, arose in June, 1915, and we are unable to see why this was not the accrual of the cause of action or why it did not become barred six years thereafter. To recover on this account the alleged creditor was required to bring an action. It is not necessary for us to decide whether the filing of claim with the commissioners is the bringing of an action. It either is the bringing of an action or a condition precedent to the bringing of an action. Whether it be one or the other the six-year period had run on January 11, 1922, when the bill was filed. Now it was not only the right, but the duty, of the commissioners, as trustees of the public funds, to refuse payment on an outlawed claim. It would have been a vain performance for them to have filed a plea of the statute, to be heard by themselves. The claimant after the rejection of the claim might have brought an action in court. *Commrs. of Belmont Co.* v. *Ziegelhofer*, 38 Ohio St., 523. Had it done so the commissioners ought to have, and we must assume would have, pleaded the statute. The contention

of the plaintiff in error is, therefore, that because it appealed under favor of Section 2461, General Code, which permits of no pleadings, that it deprives the commissioners of a perfect defense that would be available if the suit were prosecuted in another form. Now the purpose of pleadings is to advise the adversary of the nature of the pleader's claims. The fact that no method is provided for pleading one's rights in a summary proceeding does not impair the rights themselves. Rights are paramount. Suppose that the proof had been available that this claim had been paid in cash. No plea of payment was made or could have been made, and yet the plea of payment is as much an affirmative defense as the plea of the statute of limitations. If the plaintiff in error is correct a payment could never be shown if the claimant prosecutes an appeal instead of an original action. If this view were adopted it would result in holding that in no case where an appeal is taken from the action of the board of commissioners in rejecting a claim can the statute of limitations be made available to the county, and this notwithstanding the fact that the authorities are uniform in holding that the county is as well entitled to this plea as any private individual. It is our conclusion, therefore, that the Legislature, in making an appeal from the commissioners a summary proceeding, without any formal pleadings, left to all the parties all their rights, but dispensed with the formal plea thereof. The Common Pleas was accordingly right in holding that the items of this account, which were alleged to have arisen in 1915, were barred by the statute of limitations.

As to those items in the account representing goods claimed to have been delivered to the county in 1916 it is urged that the judgment below is against the weight of the evidence. It is sufficient to say that we would not disturb the finding on that ground. The fact that the plaintiff in error waited until 1922 to file a claim against the county for goods claimed to have been delivered in 1916, without any adequate explanation therefor, of itself raises a suspicion against the claim. When the claim was filed those who it was asserted had bought the lumber had gone out of office. Others who might be assumed to know the facts had either forgotten them or never knew them, and by 1922 the whole series of circumstances had become shrouded in so much obscurity that the justice of the claim was a very doubtful one; and if the claim were an honest one this uncertainty arose through the negligence of the claimant and not through any dereliction of duty on the part of the county commissioners.

It is argued that the court below erred in its rejection of "plaintiff's exhibit A," offered in testimony. This exhibit A is a sheet from a loose-leaf ledger of the claimant. According to the testimony of Mr. Bowlus this ledger was a book of original entries; according to the testimony of Mr. Newland it was not such a book. The trial court evidently believed Mr. Newland, and we can not find that its judgment was manifestly wrong in that respect. If the case had been tried to a jury, we think, on the whole, it would have been better to have had this exhibit admitted to the jury. But the case was tried to a judge. He saw the sheet

in question, examined it, ascertained that its items did not appear in chronological order; that part of it consisted of lead pencil additions; that after October 27, 1916, a series of entries were made beginning March 14 of that year, evidently all made at one time and necessarily some time after even the last of them was dated. We must assume that the trial judge found that the sheet in question had no probative value. Even if we were clearly of the opinion that this sheet should be admitted in evidence it would seem a vain performance to reverse the case and direct the trial judge to consider what he had already had before him and had determined to be without probative force.

We conclude, accordingly, that the record discloses no error prejudicial to the plaintiff in error, and the judgment of the Common Pleas is therefore affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., concurs.

SAYRE, J., not participating.